Filed 5/29/25  In re K.R. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| In re K.R., a Person Coming Under the Juvenile Court Law. | C102174 |
| SUTTER COUNTY HEALTH AND HUMAN SERVICES DEPARTMENT, | (Super. Ct. No. DPSQ22-0000039) |
| Plaintiff and Respondent, | |
| v. | |
| D.W., | |
| Defendant and Appellant. | |

Appellant D.W., father of minor K.R., appeals from the juvenile court's order terminating parental rights.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  D.W. (father) contends the Sutter County Health and Human Services Department (Department) failed

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

to fulfill its affirmative and continuing duty of inquiry as required by the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) because it failed to make proper inquiry of known relatives regarding the minor's possible Native American ancestry. The Department concedes that the record on appeal is insufficient to ascertain whether it made the requisite ICWA inquiries of known or ascertainable extended family members and agrees that limited remand for further ICWA proceedings is appropriate.

We agree that remand is the appropriate course. Accordingly, we will conditionally reverse the orders of the juvenile court and remand for further compliance with the ICWA.

### FACTUAL AND PROCEDURAL BACKGROUND

Because the issues on appeal are limited to compliance with the ICWA, we dispense with a detailed recitation of the underlying facts and procedural history.

In August 2022, the Department filed a section 300, subdivision (b), petition on behalf of the then-newborn minor based on the parents' developmental and intellectual disabilities. The juvenile court sustained the petition and adjudged the minor a dependent child of the court. The minor was ordered to remain in the parents' home with family maintenance services.

The parents filed a Parental Notification of Indian Status (ICWA-020) form denying Native American ancestry. At a January 2023 hearing, both parents' attorneys agreed to try to get family information from the parents for purposes of ICWA inquiry. The maternal grandfather was present at the hearing and provided his telephone number. Father also provided his parents' names and reported that they lived in Kansas.

In its March 2, 2023, review report, the Department reported it had not received any updates indicating Native American ancestry from the paternal family, but it also did not indicate it had attempted to contact any maternal or paternal relatives. The Department requested the juvenile court find that the ICWA did not apply. At the March 7, 2023, review hearing, the juvenile court found the ICWA did not apply.

On March 21, 2023, the Department filed a supplemental petition alleging the prior disposition was ineffective. The parents were each diagnosed with developmental disabilities that hindered their ability to care for the minor and meet her needs, and the parents lacked the understanding that services and support were needed to ensure the minor's needs were met in the home. A protective custody order was issued, the juvenile court sustained the petition, and the minor was removed from the parents' custody. The parents were provided reunification services.

The parents failed to reunify and, a year later, reunification services were terminated. The section 366.26 permanency planning hearing took place on September 5, 2024, at which two cousins were present. On September 24, 2024, the juvenile court held the 366.26 hearing and found the minor adoptable and terminated parental rights.

Father appeals.

## DISCUSSION

Father contends the orders terminating parental rights must be conditionally reversed because there was insufficient evidence the Department conducted a proper inquiry of known relatives in accordance with the ICWA and its California implementing provisions. The Department concedes the point, and we agree.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) Child welfare agencies and juvenile courts "have an affirmative and continuing duty" in every dependency proceeding to determine whether the ICWA applies by inquiring whether a child is or may be an Indian child. (§ 224.2, subd. (a).) This " 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any

3

information that the child may be an Indian child.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1132.) This duty of inquiry "continues throughout the dependency proceedings." (*In re J.C.* (2022) 77 Cal.App.5th 70, 77.)

"When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also [Cal. Rules of Court,] rule 5.481(a)(4).)" (*In re Dezi C., supra*, 16 Cal.5th at p. 1132, fn. omitted.) "If the inquiry establishes a reason to know an Indian child is involved, notice must be provided to the pertinent tribes. (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)" (*Id.* at p. 1133.)

A juvenile court must make a finding whether the ICWA applies. (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965-966; *In re E.W.* (2009) 170 Cal.App.4th 396, 403.) A juvenile court's finding that the ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).) Its "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*In re Dezi C., supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

Here, the record is devoid of any evidence that the Department made any efforts to inquire of the minor's extended family members regarding possible Native American ancestry. Although the Department had contact with the maternal grandfather (who was present and provided his telephone number at the January 2023 hearing), a maternal uncle with whom social workers met in August 2022, and two cousins who attended the section 366.26 permanency planning hearing, they failed to inquire of them. So too of the paternal grandparents, who the Department was aware resided in Kansas. The

4

Department concedes the record on appeal does not provide sufficient information to demonstrate it conducted the requisite ICWA inquiries of extended family members.

In light of the Department's concession, we will remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA.

## DISPOSITION

The juvenile court's orders terminating parental rights are conditionally reversed. On limited remand, the juvenile court shall order the Department to comply with the inquiry and notice provisions of the ICWA, as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5). If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and the ICWA does not apply, the orders shall be reinstated. If, however, the juvenile court concludes the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions.


/s/
EARL, P. J.



We concur:



/s/
RENNER, J.



/s/
FEINBERG, J.

5